UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

ROBERT MOCO,

                                         Plaintiff,          Case # 17-CV-398-FPG

v.                                                                DECISION AND ORDER

J.M. JANIK, et al.,

                                         Defendants.
─────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Robert Moco sues Defendants J.M. Janik and Philip Voltz for alleged instances of excessive force and the denial of medical care while he was confined at Gowanda Correctional Facility. ECF No. 7.

On September 5, 2018, Defendants moved to dismiss some of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 23. Plaintiff opposes the motion.[1] ECF No. 26. For the reasons that follow, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[2]

On January 27, 2016, Defendants handcuffed Plaintiff "very tight" and lifted his arms from behind "to cause severe pain." ECF No. 7 at 5. When Plaintiff requested medical attention, Defendants took him elsewhere and he "was beaten severely." *Id*. Plaintiff alleges that he suffered a broken rib and back pain as a result of this incident. *Id.*

---

[1] Defendants argue that Plaintiff's response does not sufficiently oppose their motion and therefore Plaintiff concedes that the motion should be granted. ECF No. 28 at 7. But even where a plaintiff does not respond to a motion to dismiss, his failure to respond does not warrant dismissal where the complaint is sufficient to state a claim upon which relief may be granted. *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000).

[2] The Court draws these factual allegations from the Amended Complaint and accepts them as true to evaluate Defendants' Motion to Dismiss.

On January 29 or 30, 2016,[3] Defendants threw Plaintiff to the ground, handcuffed him, and "began assaulting [him] all over." *Id.* at 6. A sergeant directed Defendants to take Plaintiff to the medical unit and, once there, they took Plaintiff to a room without a camera and assaulted him. *Id.*

Plaintiff claims that both incidents constitute excessive force and a denial of medical care. Defendants move to dismiss Plaintiff's excessive force claim related to tight handcuffing and all of his denial of medical care claims. They do not move to dismiss his excessive force claims related to the alleged assaults.

## LEGAL STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When it reviews a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences" in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Here, in light of Plaintiff's *pro se* status, the Court reads the Amended Complaint with "special solicitude" and interprets it to raise the strongest claims it suggests. *Groenow v. Williams*, No. 13 CIV. 3961 PAC JLC, 2014 WL 941276, at *2 (S.D.N.Y. Mar. 11, 2014) (citation omitted).

---

[3] Plaintiff alleges that the event occurred "on 01/29/16 & on 01/30/16" but he refers only to a single incident. ECF No. 7 at 6.

2

**DISCUSSION**

**I.    Excessively Tight Handcuffing Claim**

Defendants argue that Plaintiff's excessive force claim related to tight handcuffing should be dismissed because Plaintiff has not alleged that he suffered any physical injury beyond temporary pain or that Defendants handcuffed him with a sufficient level of wantonness to violate the Eighth Amendment. ECF No. 23-1 at 4.

To determine whether prison officials used excessive force in violation of the Eighth Amendment, a court considers "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). A "significant injury" is not required to state an excessive force claim, *see id.* at 9; however, "there is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Usavage v. Port Auth. of New York & New Jersey*, 932 F. Supp. 2d 575, 592 (S.D.N.Y. 2013) (brackets omitted) (collecting cases).

Here, Plaintiff alleges that he experienced pain and requested medical attention, but he does not allege that he suffered any other injury. ECF No. 7 at 5. Accordingly, the Court dismisses Plaintiff's excessive force claim related to tight handcuffs.

**II.    Denial of Medical Care Claims**

Plaintiff's denial of medical care claims pertain to three alleged instances: (1) tight handcuffing on January 27, 2016; (2) an assault on January 27, 2016; and (3) an assault on January 29 or 30, 2016.

To state a § 1983 claim for deprivation of medical treatment in violation of the Eighth Amendment, "a plaintiff must show that the defendant acted with deliberate indifference to serious

3

medical needs." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). To do this, a plaintiff "must allege that (1) objectively, the deprivation of medical care was sufficiently serious, and (2), subjectively, the officials in question acted with deliberate indifference to his health." *Smith v. Fischer*, No. 13-CV-6127-FPG, 2016 WL 3004670, at *19 (W.D.N.Y. May 23, 2016) (citation omitted). Deliberate indifference by non-medical personnel, like Defendants, is manifested by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.*

### A. Tight Handcuffing on January 27, 2016

Plaintiff has failed to state a claim for a denial of medical care based on tight handcuffing because, as discussed above, has not alleged a serious medical need. Plaintiff alleges only that he suffered temporary discomfort and does not allege that any delay in providing medical care harmed him. Accordingly, the Court dismisses Plaintiff's denial of medical care claim based on tight handcuffing.

### B. Assaults on January 27 and January 29 or 30, 2016

Defendants claim that the medical records filed in this case contradict Plaintiff's allegation that he was denied medical care after the alleged assaults and ask that his claim be dismissed on this basis. ECF No. 23-1 at 8-11. They also argue that Plaintiff cannot satisfy the subjective prong of this claim because he did not make his medical issues known to them. *Id.*

When a court considers a Rule 12(b)(6) motion, it may "consider documents that are attached to, incorporated by reference in, or integral to the complaint; and it may also consider matters that are subject to judicial notice." *Byrd v. City of New York*, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005).

The documents that Defendants ask the Court to rely on are ones that Plaintiff filed in connection with his interlocutory appeal to the Second Circuit (*see* ECF No. 18), not documents that he attached to or incorporated by reference in his complaint. Even if the Court found those documents integral to the complaint or took judicial notice of them, the information contained in them is insufficient to conclusively contradict Plaintiff's allegations and warrant dismissal of his claims.

Plaintiff alleges that he was "not seen" by medical staff after the January 27, 2016 assault. ECF No. 7 at 5. But medical records Plaintiff submitted with his interlocutory appeal indicate that he was seen that day at 10:10 p.m. and the next morning, January 28, at 7:30 a.m. ECF No. 18 at 23-24. It is unclear, however, what time the alleged assault occurred, and Plaintiff specifically alleges that he was not seen at medical and instead was taken elsewhere and "beaten severely," and that he suffered a broken rib and back pain. ECF No. 7 at 5. Although he may have received care eventually, Plaintiff has sufficiently alleged that Defendants denied or delayed treatment for a serious medical need.

Plaintiff also alleges that Defendants assaulted him on January 29 or 30, 2016 at 6:30 p.m. and that after a sergeant ordered Defendants to take him to the medical unit, Defendants took him to a room without a camera and assaulted him. ECF No. 7 at 6. Medical records seem to indicate that Plaintiff received care on January 30 at 6:40 p.m. and the next morning, January 31, at 7:30 a.m. ECF No. 18 at 26. Nonetheless, Plaintiff has sufficiently alleged that Defendants denied or delayed his treatment by taking him elsewhere and beating him instead of taking him to the medical unit as directed.

Defendants also assert that they did not know Plaintiff had been injured, and therefore he cannot establish the subjective prong of a denial of medical care claim. The Court rejects this

argument. After using force on Plaintiff twice, force that was extreme enough to break Plaintiff's rib, it is unlikely that Defendants did not know Plaintiff suffered adverse consequences without him specifically complaining. Plaintiff's assertions that Defendants took him elsewhere and beat him instead of taking him to get medical treatment after the assaults sufficiently allege Defendants' deliberate indifference to his health.

For all of these reasons, Plaintiff has stated denial of medical care claims and therefore Defendants' motion in this regard is DENIED.

## CONCLUSION

Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's excessive force and denial of medical care claims related to Defendants applying tight handcuffs on January 27, 2016 is DISMISSED.

Four claims will proceed to discovery: two for excessive force during the alleged assaults on January 27 and January 29 or 30, 2016 and two for denial of medical care after both incidents.

By separate order, the Court will refer this case to a United States Magistrate Judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: August 8, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court